UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BRADFORD H. BERNSTEIN and MIRA
BERNSTEIN,

                               Plaintiffs,

           -against-

FAIRMONT HOTELS & RESORTS (U.S.) INC.,

                           Defendant.
---------------------------------------------------------------x

**Docket No.: 07-CV-2991
(BSJ)(GWG)**

**PROPOSED SCHEDULING
ORDER**

Pursuant to the Order for Conference Pursuant to Rule 16, dated July 17, 2007, issued by Hon. Gabriel W. Gorenstein, United States Magistrate Judge, the parties to this action, submit this joint proposed scheduling Order:

1.    The conference date is August 20, 2007. Appearing for plaintiffs Bradford H. Bernstein and Mira Bernstein, is Jared Turco, Esq., Spar & Bernstein, P.C., 225 Broadway, Suite 512, New York, New York 10007, phone 212 227-8933. Appearing for defendant, Fairmont Hotels & Resorts (U.S.) Inc. is David Abrams, Esq., Strongin Rothman & Abrams, LLP, 50 Broadway, Suite 2003, New York, New York, 10004, phone 212 931-8300.

2.    This is a personal injury action arising from an alleged slip and fall accident involving plaintiff Bradford Bernstein on December 25, 2006 at the Fairmont Mayakoba hotel located in Riviera Maya, Mexico. Plaintiff allegedly slipped on the down slope of a walkway bridge after it had rained. Plaintiff Mira Bernstein brings a derivative action. Defendant Fairmont Hotels & Resorts (US), Inc., has denied all allegations of negligence and has denied that it owns the premises. Additionally, among other defenses, defendant contends

that this is an improper forum for this action based on the doctrine of forum non conveniens.

3.    The proposed discovery schedule is as follows:

    a.  The parties may move to amend the pleadings or join any other parties on or before May 8, 2008.

    b.  Initial document requests and initial interrogatories shall be served on or before October 19, 2007; Responses thereto shall be served within the time allowed under the FRCP;

    c.  Depositions of non-expert witnesses shall be completed on or before February 20, 2008;

    d.  All non-expert discovery shall be completed by March 20, 2008;

    e.  Plaintiff's expert disclosure, including reports, shall be made by July 21, 2008; defendant's expert disclosure, including reports, shall be made by August 21, 2008;

    f.  Expert depositions shall be completed by September 23, 2008;

    g.  Pre-trial motions, if any, shall be filed by October 15, 2008. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions. If no such motions are contemplated plaintiff shall supply pretrial order materials to defendant by October 15, 2008, and the parties shall submit a joint pretrial order by November 3, 2008.

4.    The parties are not aware at this time of any limitations to be placed on discovery, including any protective or confidentiality orders, but reserve the

right to request such limitations should circumstances warrant during the course of discovery;

5.      The parties are not aware at this time of any discovery issues upon which they have been unable to reach an agreement;

6.      Plaintiff anticipates the following fields of expert testimony: (1) licensed engineer;(2) orthopedist/orthopedic surgeon.    Defendant anticipates the following fields of expert testimony: (1) orthopedics; (2) safety engineer; (3) Mexican building code expert; (4) foreign law expert.

7.      Anticipated length of trial is seven (7) days. A jury demand has been filed by defendant.

8.      The parties believe that following completion of fact discovery, it may be helpful to engage in settlement discussions.  The parties prefer to wait until that time to select the appropriate mediator.

9.      All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application.  The application also must state the position of all other parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order.  "Good cause" as used in this

3

paragraph does not include circumstances with the control of counsel or the party.  Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.


DATED:  New York, New York
          August 20, 2007


                              **SO ORDERED:**


                              _____
                              GABRIEL W. GORENSTEIN
                              UNITED STATES MAGISTRATE JUDGE

4